# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON KENNEDY, | Civil Action No. 14 – 334 |
| Petitioner, | |
| v. | District Judge Arthur J. Schwab |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| AGENT M. FERNOTINEO, AUSA C. HALLER, WARDEN ALLEGHENY COUNTY JAIL, UNITED STATES MARSHALL, DEFENSE COUNSEL NAMED, | |
| Respondents. | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the following reasons, it is respectfully recommended that the "Complaint; AND Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" be dismissed to the extent that Petitioner seeks habeas relief and be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent Petitioner seeks relief other than release from custody.

### II.  REPORT

Brandon Kennedy ("Petitioner") is a federal pretrial detainee in custody at the Allegheny County Jail, awaiting trial on charges of interfering with commerce by robbery, using and carrying a firearm during and in relation to a crime of violence, and felon in possession of a firearm.  See 2:13-cr-240-NBF (W.D. Pa.).  On March 10, 2014, he filed in the Middle District of Pennsylvania, a document titled "Complaint; AND Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241." Because jurisdiction lies with this Court, the case was transferred here on March 14, 2014.

As summarized by the Middle District in its Memorandum Order dated May 1, 2014, Petitioner claims that "the evidence in [his criminal] case was totally and completely fabricated" and that "venue was manufactured" in Pennsylvania. He also claims that his lawyer committed legal malpractice and is "incompetent". For relief, he seeks monetary damages and to "be immediately discharged from custody, counsel . . . appointed, an evidentiary hearing . . . held" and "the indictment . . . dismissed."

Petition for Writ of Habeas Corpus

Petitioner challenges the legality of his pretrial detention, seeking habeas relief under 28 U.S.C. § 2241. It is well-settled, however, that a federal pretrial detainee cannot use a habeas corpus petition to challenge the proceedings in a pending federal criminal case. Falcon v. U.S. Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995); Whitmer v. Levi, 276 F. App'x 217, 218-19 (3d Cir. 2008); Hall v. Pratt, 97 F. App'x 246, 247-48 (10th Cir. 2004). Federal courts have consistently held that a federal criminal defendant who seeks to challenge some aspect of an ongoing federal criminal prosecution must bring his claims in the criminal case itself. See Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") As the Court explained in Whitmer:

> "[C]laims relating to pending criminal charges should have been raised in [the petitioner's] criminal case, not in a habeas petition under 28 U.S.C. § 2241. Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."

2

276 F. App'x at 219.

The remedy provided by the federal habeas corpus statute, (28 U.S.C. § 2241), cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case. See Falcon, 52 F.3d at 139 ("[i]t seems to us to go far afield to seek habeas corpus relief which could conceivably interfere with the trial judge's control of the criminal case pending before him"); Hall 97 F. App'x at 247-48 ("[a]llowing federal prisoner to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage 'judge shopping'").

Among other things, Petitioner complains about fabrication of evidence, police and investigator misconduct that led to his arrest, place of venue, and his criminal counsel's incompetence during the investigation process. "Once a valid indictment or information has issued, the legality of arrest and the constitutionality of police activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus." Gov't of V.I. v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970). Such claims should be raised in Petitioner's pending criminal trial. This petition is not the appropriate vehicle to raise these alleged violations of constitutional rights. Therefore the habeas petition should be dismissed.

Complaint

Petitioner also alleges claims that respondents/defendants violated his rights under the United States Constitution by deliberately committing unspecified acts that "damaged" him. He states that he brings these claims pursuant to 42 U.S.C. § 1983; however, federal officials cannot be sued under § 1983 because they do not act under color of state law. Relative to the federal respondents/defendants, the undersigned is treating this case as a Bivens action. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the

3

Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n.4 (1st Cir. 1993) (restating Bivens rule). A Bivens claim, however, is analogous to a claim brought pursuant to 42 U.S.C. § 1983.

Pursuant to Heck v. Humphrey, 512 U.S. 477, 487 (1994), a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck is applicable to both section 1983 actions and Bivens actions. See Stephenson v. Reno, 38 F.3d 26 (5th Cir. 1994); Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994); Williams v. Hill, 878 F. Supp. 269 (D.D.C. 1995) ("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be dismissed as frivolous under 28 U.S.C. § 1915(d)."), aff'd 74 F.3d 1339 (D.C. Cir. 1996); Zolicoffer v. FBI, 884 F. Supp. 173 (M.D. Pa. 1995). In considering Heck and summarizing the interplay between habeas and § 1983 claims, the United States Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily

demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Although Petitioner has not yet been convicted, Heck precludes a constitutional challenge to his pending criminal proceedings because a favorable ruling in this case would call into question the validity of his pretrial detention.

Furthermore, several of the respondents/defendants in this action are immune from suit. Petitioner has sued Assistant United States Attorney C. Haller, the federal prosecutor in his pending criminal case. See 2:13-cr-240-NBF (W.D. Pa.). In Bethea v. Reid, 445 F.2d 1163 (3d Cir. 1971), the Third Circuit Court of Appeals held that, pursuant to an earlier opinion of that court, Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1965), "an Assistant United States Attorney is clothed with judicial immunity, unless there is some reason to distinguish between the liability of State prosecutors under the Civil Rights Act and the liability of federal prosecutors under the federal common law created by the Bivens decision. We perceive no reason for such a distinction." Id. at 1166. See also Brawer v. Horowitz, 535 F.2d 830, 834 (3d Cir. 1976) (In Bivens-type action, holding that a federal prosecutor is absolutely immune from suit where the allegations relate solely to his initiating and presenting a criminal case). Although Petitioner is does not specifically detail AUSA Haller's alleged wrongdoing, it is readily apparent that his claims arise out of Haller's decision to prosecute Petitioner. This activity is intimately associated with the judicial phase of the criminal process. Thus, AUSA Haller is immune from suit in this regard.

Next, Petitioner has sued FBI Agent M. Fernotineo, the investigator in his case. The only allegation against him is that he "used fabricated evidence" to secure Petitioner's arrest. A government officer is entitled to qualified immunity from Bivens liability unless (1) "the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and (2) "the right at

5

issue was 'clearly established' at the time of [the official's] alleged misconduct." Pearson v. Callahan, 555 U.S. 223 (2009). First, Petitioner's single factual allegation against Agent Fernotineo is insufficient to make out a constitutional violation under Ashcroft v. Iqbal, 129 S. Ct. at 1948 (2009). Nevertheless, what Petitioner is really challenging is the evidence used to secure his arrest and in this regard Heck precludes such a challenge. See, supra. Any challenge to his arrest must be made in his criminal trial. Because Petitioner has failed to make out a violation of a constitutional right, Agent Fernotineo is entitled to qualified immunity.

Next, Petitioner claims that his defense counsel committed legal malpractice by relaying confidential information that Petitioner told him in private to the prosecutor. Petitioner alleges that this information was used in the course of the investigation against him. Petitioner's criminal docket reflects that the Federal Public Defender was appointed to represent him the day after he made his initial appearance on October 16, 2013. See 2:13-cr-240 (W.D. Pa.). Petitioner may not sue his attorney for legal malpractice in this Bivens-type suit, even if his attorney was appointed by a federal court or even paid for his services by the federal government. Haley v. Walker, 751 F.2d 284, 285 (8 Cir. 1984) ("By analogy [to Polk County v. Dodson, 454 U.S. 312 (1981)], an attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action."); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (district court has no jurisdiction over malpractice claim against federal public defender in Bivens-type suit). If Petitioner has a remedy at all, it lies in state court, and this Court should not exercise supplemental jurisdiction over this claim.

Finally, Plaintiff has sued the Allegheny County Jail and the United States Marshal Service simply because they are "his custodians." With respect to the Allegheny County Jail, it is a building and not an entity subject to suit. See, e.g., Fischer v. Cahill, 474 F.2d 991, 992 (3d

Cir. 1973) ("state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Howie v. Allegheny Cnty., 2009 WL 1309749, at *2 (W.D. Pa. 2009) ("Here, the claims asserted against the [jail] are subject to dismissal because jail facilities are not 'persons' for the purpose of § 1983 liability."); Vance v. County of Santa Clara, 928 F. Supp. 993, 995 (N.D. Cal. 1996) (county department of corrections is an agency of the county and cannot be sued separately from the county under section 1983).

With respect to the United States Marshal Service, it is "shielded from private actions unless sovereign immunity has been waived." Beneficial Consumer Discount Co. v. Poltonowicz, 47 F.3d 91, 94 (3d Cir. 1995). See also Gary v. Gardner, 445 F. App'x 465, 466-67 (3d Cir. 2011) (affirming district court on basis that the United States Marshals Service is entitled to sovereign immunity). Neither the Constitution nor 28 U.S.C. § 1331 acts as such a waiver. Jaffee v. United States, 592 F.2d 712 (3d Cir.), cert. denied, 441 U.S. 961 (1979). Sovereign immunity has not been waived and the United States Marshal Service, as an agency of the United States, is entitled to sovereign immunity.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the "Complaint; AND Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" be dismissed to the extent that Petitioner seeks habeas relief and be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent Petitioner seeks relief other than release from custody.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the

date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: July 30, 2014

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Brandon Kennedy
 48998-039
 Allegheny County Jail
 950 Second Avenue
 Pittsburgh, PA 15219
 *(Via First Class Mail)*